THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHELE R. GRAY,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>AMAZON,<br><br>　　　　　　Defendant. | CASE NO. C22-1177-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to dismiss (Dkt. No. 11). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

Plaintiff alleges she suffered an injury from toilet paper she purchased from a third-party seller on Defendant Amazon's website on March 20, 2020. (Dkt. No. 4 at 5.) The product was delivered to Plaintiff in New York on April 23, 2020. (*Id.*; *see* 4-1 at 2.) Following receipt, Plaintiff noticed a lump and experienced itching near her anal region that lasted for several weeks. (Dkt. Nos. 4 at 5.) These symptoms prompted a June 23, 2020, urgent care visit, where Plaintiff was diagnosed with bacterial vaginosis. (Dkt. No. 4 at 5.)

The instant suit represents Plaintiff's third attempt at recovery based on these facts. (*See* Dkt. No. 11 at 6.) On June 29, 2020, Plaintiff filed product liability claims against Defendant and others in the Northern District of New York, related to toilet paper she purchased from a third-

party seller on Defendant's website on March 20, 2020. *See Gray v. Amazon.com, Inc.*, 2021 WL 1909737, slip op. at 3 (N.D.N.Y. 2021) (summarizing those prior suits).[1] That court dismissed the cases without prejudice for failure to state a claim. *See id.* On January 4, 2021, Plaintiff brought a second suit against the instant Defendant, this time in New York State Supreme Court, regarding the same purchase of allegedly defective toilet paper. *Id.* at 1. The case was removed to the Northern District of New York, who dismissed with prejudice due to Plaintiff's failure to allege viable claims. *Id.*

Plaintiff commences this action *pro se*, asserting four causes of action: (1) chain of distribution liability, (2) deceptive and misleading business practices in violation of section 349 of New York's General Business Law, (3) trafficking toxins in violation of section 262 of New York's Public Health Services Act, and (4) breach of warranty. (Dkt. No. 4 at 4–7.) Claims (1) and (4), related to product liability, were brought in her previous suits. *See Gray* 2021 WL 1909737, slip op. at 3. Defendant moves to dismiss, arguing claim preclusion and, in the alternative, that Plaintiff failed to state a plausible cause of action. (Dkt. No. 11.)

*Res judicata*, or claim preclusion, bars claims that were raised *or could have been raised* in a prior action. *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). The doctrine applies when the prior litigation (1) involved the same parties, (2) ended in a final judgment on the merits, and (3) involved the same claim or cause of action as the later suit. *Blonder-Tongue Labs. v. Univ. of Ill. Foundation*, 402 U.S. 313, 323–24 (1971).

Defendant argues that *res judicata* precludes Plaintiff's present suit. (Dkt. No. 11 at 10.) Defendant is correct. This litigation involves the same parties as the prior litigation, which the

---

[1] On a motion to dismiss, the Court may take judicial notice of another court's opinion "not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). Facts subject to judicial notice may be considered in resolving a motion to dismiss. *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014). The Court takes judicial notice of the prior opinion. *Gray v. Amazon.com, Inc.*, 2021 WL 1909737, slip op. (N.D.N.Y. 2021).

Northern District of New York dismissed with prejudice. (*Compare* Dkt. No. 4, *with Gray,* WL 1909737.) A "dismissal with prejudice" is considered a "final judgement on the merits." *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06 (2001). And both suits contain product liability claims that arise from Plaintiff's alleged use of defective toilet paper purchased from Defendant's website on March 20, 2020, and her subsequent urgent care visit and infection.

Plaintiff does not attempt to dispute that both cases arise from this transaction. She merely states, conclusory, that the suits are "unrelated." (*See* Dkt. No. 13 at 1–4.) This is insufficient. *See Central Delta Water Agency v. United States*, 306 F.3d 938, 952 (9th Cir. 2002) ("whether the two suits arise out of the same transactional nucleus of facts" is the "the most important" factor.)  While Plaintiff now adds new claims for violation of New York's General Business Law and the Public Health Services Act, she had opportunity to assert these claims in her prior suit, therefore, they are equally barred by *res judicata*. *See Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp.*, 140 S. Ct. 1589, 1594 (2020). Accordingly, all the elements for *res judicata* are met, and all of Plaintiff's claims are barred.

For the foregoing reasons, Defendant's motion to dismiss (Dkt. No. 11) is GRANTED. Plaintiff's complaint is DISMISSED with prejudice and without leave to amend.[2]

DATED this 8th day of November 2022.

_John C. Coughenour_
John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] Courts generally grant leave to amend unless it is clear that the complaint could not be saved by any amendment. *See, e.g., Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d 1034, 1041 (9th Cir. 2011) ("[A] district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile."). Where, as here, claims are precluded as a matter of law, amendment would be futile.